IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIRAN JENKINS,

                Petitioner,                        OPINION AND ORDER

     v.                                                  10-cr-87-wmc
                                                                    11-cv-747-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Tiran Jenkins moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, primarily because of this court's alleged misapplication of the Sentencing Guidelines in determining his punishment in *United States v. Jenkins*, Case No. 10-cr-87-wmc. The government argues that this motion is without merit. Jenkins has since filed two amended versions of his motion in an attempt to raise an alternative theory concerning the validity of his sentence. He also requests a stay and an extension of time to submit additional briefing. For the reasons set forth briefly below, all of Jenkins's motions are denied.

## BACKGROUND

On April 24, 2010, Jenkins and his co-defendant, Robin Brant, robbed a local bank at gunpoint. During the robbery, Jenkins forced one of the tellers to the ground after striking her in the back of the head. Jenkins and Brant then tied up all of the tellers who were present and fled with approximately $48,000.00. Shortly after a dye-pack exploded in their stolen getaway car, officers apprehended the pair, recovering the money, the loaded weapon used by Jenkins to commit the offense, and one of the teller's

purses.

Within days of the bank robbery, a federal grand jury in this district returned an indictment against both Jenkins and Brant. Jenkins was charged with armed bank robbery (count one), use of a firearm during the commission of a crime of violence (count two), and possessing a firearm as a felon (count three). On July 8, 2010, Jenkins pled guilty to all three counts.

In preparing the Pre-Sentence Report ("PSR"), a probation officer concluded that Jenkins was eligible for enhanced punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior convictions which met the definition of a "violent felony."[1] In particular, Jenkins had convictions for burglary of a dwelling in violation of Wis. Stat. 943.10(1)(a) in Ozaukee County Case No. 97CF26 and Waukesha County Case No. 97CF329, as well as vehicular flight to elude police in violation of Wis. Stat. § 346.04(3) in Milwaukee County Case No. 99CF4522.

At the time of sentencing, Jenkins did not dispute that his previous convictions for burglary both qualified as predicate offenses under the ACCA. Jenkins objected, however, that his earlier felony conviction for vehicular flight was neither violent nor aggressive enough to qualify as a violent felony under the rational articulated by the United States Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008). This court denied Jenkins' objection, noting that the Seventh Circuit had already determined that a

---

[1] For purposes of the ACCA, a "violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

2

prior conviction for vehicular flight to elude police in violation of Wis. Stat. § 346.04(3) qualified as a predicate offense under the ACCA. *See United States v. Dismuke*, 593 F.3d 582 (7th Cir. 2010). Thus, the court sentenced Jenkins to serve a mandatory minimum 15-year term of imprisonment as an armed career criminal pursuant to § 924(e), followed by a consecutive mandatory minimum 7-year term for using a firearm to commit a violent crime.

On direct appeal from this sentence, Jenkins again argued that he was not eligible for enhanced punishment under the ACCA because his prior felony conviction for vehicular flight from police under Wis. Stat. § 346.04(3) should not have been counted as a violent felony. The Seventh Circuit found this argument foreclosed by precedent, affirming Jenkins' sentence in an unpublished opinion. *See United States v. Jenkins*, 417 F. App'x 548 (7th Cir. March 30, 2011) (citing *Dismuke*).

Jenkins did not seek certiorari review by the United States Supreme Court, but now seeks relief from his conviction and sentence under 28 U.S.C. § 2255, arguing that this court misapplied § 4B1.1 of the United States Sentencing Guideline in determining that he was a "career offender."

OPINION

A motion for relief under 28 U.S.C. § 2255 seeks "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir.

3

2006)). A motion under § 2255 cannot be used to relitigate matters that were raised on direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Likewise, claims omitted on direct appeal may be considered on collateral review *only* if the petitioner can show (1) good cause for failing to raise the issue previously and (2) actual prejudice resulted from the alleged error. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Finally, relief under § 2255 is appropriate only if a defendant establishes "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

### I. Misapplication of U.S.S.G. § 4B1.1

Jenkins contends that he is entitled to relief from his sentence because the court mistakenly applied U.S.S.G. § 4B1.1, which governs punishment for defendants deemed "career offenders."[2] Jenkins concedes that he did not raise this argument on direct appeal, which as the government correctly notes, constitutes a procedural default.

---

[2] A defendant is subject to an enhanced sentence as a career offender under Guideline § 4B1.1(a), if the following criteria are met: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Consistent with the definition of a "violent felony" under the ACCA, "crime of violence" is defined in Guideline § 4B1.2(a) to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that — (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

Collateral review under § 2255 is barred because, even assuming that Jenkins could show good cause for failing to raise the issue previously, he cannot demonstrate actual prejudice here. *See Bousley*, 523 U.S. at 622. As the government also correctly notes, the proposed claim is without merit for another reason: Jenkins was not sentenced according to § 4B1.1. Rather, his sentence was mandated by the ACCA. *See* 18 U.S.C. § 924(e). Consequently, Jenkins cannot establish that he is entitled to relief on this basis.

**II. Jenkins's Proposed Amendments**

After the government filed its answer in this case, establishing that Jenkins was not entitled to relief for misapplication of § 4B1.1, he submitted two new "amended" motions for relief under 28 U.S.C. § 2255. (Dkts. # 12, # 13). Jenkins now maintains that he was sentenced in error because neither his burglary convictions nor his conviction for vehicular flight to elude police constitute "violent felonies" under the ACCA.

To the extent that Jenkins now contends that his burglary convictions do not qualify as predicate offenses under the ACCA, his failure to raise this claim on direct appeal is a procedural default that he cannot overcome here. Even if Jenkins could establish good cause for his failure to raise this issue properly, the Seventh Circuit has already held that a Wisconsin conviction for burglary of a dwelling, which is one of the specific enumerated offenses that trigger the enhanced sentencing provisions under the ACCA, qualifies as a violent felony. *See United States v. Groce*, 999 F.2d 1189, 1192 (7th Cir. 1993); *see also United States v. Collins*, 150 F.3d 668 (7th Cir. 1998) (holding that attempted burglary in Wisconsin also qualifies as a predicate offense for purposes of

5

enhancement).

As noted above, Jenkins objected at sentencing and argued that his sentence could not be enhanced by his Wisconsin conviction for vehicular flight to elude police because that offense was not a violent felony for purposes of the ACCA.[3] He also raised this same argument on direct appeal. After considering whether Jenkins's sentence was properly enhanced by his Wisconsin conviction for vehicular flight to avoid a police officer, the Seventh Circuit concluded that he was properly sentenced as a career offender under existing precedent. *See United States v. Dismuke*, 593 F.3d 582 (7th Cir. 2010) (holding that a prior conviction for vehicular flight to elude police in violation of Wis. Stat. § 346.04(3) qualified as a predicate offense for enhancement under the ACCA).

Issues that were raised previously on direct appeal may not be reconsidered under § 2255 absent "changed circumstances" of fact or law. *Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007) (citing *Olmstead v. United States*, 55 F.3d 36, 319 (7th Cir. 1995) (citation omitted)). *Dismuke* determined that a conviction for vehicular flight to elude police under Wis. Stat. § 346.04(3) qualified as a violent felony predicate offense for purposes of the ACCA. *Begay v. United States*, 553 U.S. 137 (2008); *Chambers v. United States*, 555 U.S. 122 (2009). Although Jenkins points to other cases discussing the validity of sentence enhancements, he does not establish that *Dismuke* has been overruled or that it is no longer valid. On the contrary, the Supreme Court recently upheld a similar Indiana statute that treated the use of a vehicle to flee from police as a

---

[3] The Wisconsin statute at issue makes it unlawful to use a vehicle to knowingly flee or elude a police officer by willfully and wantonly disregarding the officer's signal so that one endangers the police, pedestrians, or other vehicles; or by speeding away in the vehicle or extinguishing its lights. Wis. Stat. § 346.04(3).

crime of violence for purposes of a sentence enhancement. *See Sykes v. United States*, 131 S. Ct. 2267 (2011).

Because Jenkins offers no valid basis to reconsider the validity of this particular enhancement, the Seventh Circuit's earlier decision remains the law of the case and is binding on this court. *See Varela*, 481 F.3d at 935-36; *see also Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("[T]he 'law of the case' doctrine dictates that 'once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'") (quotation omitted). Absent a valid claim for relief, Jenkins § 2255 motion must be denied.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when entering a final order adverse to the applicant. A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires an applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the applicant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although Rule 11 allows the court to direct the parties to submit arguments on the possible issuance of a certificate of appealability, it is unnecessary to do so in this instance for the reasons stated above. Accordingly, the court concludes that no reasonable jurist would debate whether a different result was required. For this reason, no certificate of appealability will issue.

ORDER

IT IS ORDERED:

(1) Tiran Jenkins's motion for relief from his conviction and sentence under 28 U.S.C. § 2255 (dkt. # 1) is DENIED;

(2) the amended motions for relief filed by Jenkins (dkts. # 12, #13) are also DENIED;

(3) Jenkins's motion for a stay (dkt. # 15) and his motion for leave to submit additional briefing (dkt. # 18) are DENIED; and

(4) a certificate of appealability is DENIED.

Entered this 5th day of September, 2013.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge