IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIRAN JENKINS,

                Petitioner,                OPINION AND ORDER

   v.

                                                     11-cv-747-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

On September 5, 2013, this court denied Tiran Jenkins' collateral attack of his federal conviction and sentence pursuant to 28 U.S.C. § 2255, as well as considered and denied similar subsequent, amended motions. (Dkt. #19). The same day that the court entered its order, the clerk's office received several, additional motions from Jenkins, requesting leave to further amend or supplement his claims for relief with additional argument based on two cases decided by the United States Supreme Court in June 2013: *United States v. Alleyne*, — U.S. —, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, — U.S. —, 133 S. Ct. 2276 (2013). Shortly after, Jenkins also filed a motion to alter or amend the judgment entered on September 5th pursuant to Fed. R. Civ. P. 59(e), arguing that the court erred by denying relief under § 2255 without holding an evidentiary hearing. All of these motions will now be denied for reasons set forth briefly below.

## BACKGROUND

In his original motion to vacate, set aside or correct sentence under § 2255, Jenkins argued that this court mistakenly applied the career-offender guideline set forth at § 4B1.1 of the United States Sentencing Guidelines in determining his punishment in

his underlying criminal case, Case No. 10-cr-87-wmc. Noting that Jenkins' sentence was governed by statutory minimums imposed by the ACCA, 18 U.S.C. § 924(e), and not U.S.S.G. § 4B1.1, the court concluded that Jenkins was not entitled to relief on this basis. Addressing Jenkins' amended motion for relief pursuant to § 2255, the court held that his claims were barred by the doctrine of procedural default. Alternatively, this court also found that Jenkins failed to show: (1) he was sentenced incorrectly under the ACCA; or (2) he was otherwise entitled to relief on any of the claims in his proposed, supplemental motions.

## OPINION

### I.  *Alleyne* and *Decamps*

As noted above, Jenkins now seeks leave to supplement his pleadings based on two, relatively recent decisions by the United States Supreme Court. In *Alleyne*, the Supreme Court overturned its prior decision in *Harris v. United States*, 536 U.S. 545 (2002), now holding that any fact increasing the mandatory minimum sentence for an offense must be treated as an "element" of the crime, not a sentencing factor, and thus be submitted to a jury if disputed. 133 S. Ct. at 2162-63. In *Descamps*, the Supreme Court re-affirmed two of its earlier decisions, which established the rules for determining when a defendant's prior conviction qualifies as a predicate offense for purposes of sentencing under the ACCA, 18 U.S.C. § 924. *See Descamps*, 133 S. Ct. at 2283-84 (discussing the "categorical approach" and the "modified categorical approach" outlined in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005)).

Specifically, the Supreme Court determined that the modified categorical approach did not apply to predicate offenses under California's generic burglary statute, because it is "nondivisible." *Descamps*, 133 S. Ct. at 2285-86.

Assuming for the moment that the holdings in *Descamps* and *Alleyne* establish new rules of constitutional law, neither was made retroactive by the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005); *Tyler v. Cain*, 533 U.S. 656, 662 (2001); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (acknowledging that *Alleyne* establishes a new rule, but that it is not one that applies retroactively to cases on collateral review). Even if *Alleyne* and *Descamps* were applied retroactively here, Jenkins has not demonstrated that either decision undermines the validity of his conviction or sentence. On the contrary, Jenkins' sentence was enhanced for purposes of the ACCA with two prior felony convictions for burglary of a dwelling in violation of Wis. Stat. § 943.10(1)(a) in Ozaukee County Case No. 97CF26 and Waukesha County Case No. 97CF329, and another felony conviction for vehicular flight to elude police in violation of Wis. Stat. § 346.04(3) in Milwaukee County Case No. 99CF4522. The Seventh Circuit has already held that a Wisconsin conviction for burglary of a dwelling is one of the specific enumerated offenses that trigger the enhanced sentencing provisions under the ACCA, because it qualifies as a violent felony. *See United States v. Groce*, 999 F.2d 1189, 1192 (7th Cir. 1993); *see also United States v. Collins*, 150 F.3d 668 (7th Cir. 1998) (holding that attempted burglary in Wisconsin also qualifies as a predicate offense for purposes of enhancement). Likewise, a prior conviction for vehicular flight to elude police in violation of Wis. Stat. § 346.04(3) qualifies as a predicate offense under the

ACCA.  *See United States v. Dismuke*, 593 F.3d 582 (7th Cir. 2010); *see also Sykes v. United States*, 131 S. Ct. 2267 (2011) (upholding a similar Indiana statute treating the use of a vehicle to flee from police as a crime of violence for purposes of a sentence enhancement).

In short, Jenkins does not demonstrate that *Alleyne* or *Descamps* invalidate his sentence or the predicate offenses that triggered his enhanced punishment under the ACCA.  Accordingly, Jenkins is not entitled to relief on the basis of this new authority.

## II.   Other Newly-Claimed Grounds for Relief

Jenkins also seeks leave to supplement his pleadings with a claim that his counsel was ineffective for failing to investigate or object to the validity of his predicate convictions for burglary of a dwelling.  Such an investigation would be pointless, however, since as noted previously, the Seventh Circuit held a decade ago that a Wisconsin conviction for burglary of a dwelling can serve as a predicate offense for purposes of enhancing a defendant's punishment under the ACCA.  *See Groce*, 999 F.2d at 1192.  Because Jenkins does not demonstrate otherwise or advance another, valid basis to challenge his enhanced sentence, he cannot show that his attorney was deficient or that he suffered actual prejudice as the result of his attorney's alleged failure to object. *See United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (explaining that defense counsel is not ineffective for failing to make meritless objections and argument).  For all of these reasons, Jenkins' request for leave to further amend or supplement his pleadings is denied as futile because he does not establish that his proposed claims merit relief.

### III. Motion to Alter or Amend the Judgment

To the extent that Jenkins moves to alter or amend the judgment already entered in this case under Fed. R. Civ. P. 59(e), he cannot prevail unless he identifies an error of law that warrants reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Jenkins maintains that the judgment should be set aside because the court should have granted an evidentiary hearing. While Jenkins argues that the court erred by denying his motion without holding an evidentiary hearing, he neither alleges facts that "if proven, would entitle him to relief," *Sandoval v. United States*, 574 F.3d 847 (7th Cir. 2009) (quoting *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)), nor otherwise shows that an evidentiary hearing was necessary. *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (A district court need not hold an evidentiary hearing in a proceeding pursuant to 28 U.S.C. § 2255 "'where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'") (quotation omitted).

Construing all of Jenkins' pending motions as inviting reconsideration of the judgment entered on September 6, 2013, none of his arguments demonstrate that he is entitled to relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. Absent a showing that the court's decision was incorrect, Jenkins' motion to alter or amend the judgment will be denied.

ORDER

IT IS ORDERED:

(1) Tiran Jenkins' motions for leave to supplement the pleadings and for an abeyance (dkt. #20, #21, #22, #23 and #24) are DENIED.

(2) Jenkins' motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) is DENIED.

Entered this 22nd day of November, 2013.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                WILLIAM M. CONLEY
                                                District Judge