DOC NO
REC'D/FILED
2013 DEC -6 AM 10:19
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

TIRAN JENKINS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CIVIL CASE NO: 11-CV-747

HONORABLE WILLAM M. CONLEY
U.S. DISTRICT JUDGE

MOTION PURSUANT TO FED.R.APP.PROC. 22(b)(2)
NOTICE OF APPEAL

NOW COMES Tiran Jenkins, proceeding Pro Se in the above capationed-matter. The Petitioner invokes the legal doctrine as prescribed under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), in the instant proceedings.

On November 26, 2103, the Petitioner received the Court's Order denying is Rule 59(e) Motion and timely filed supplemental motions (mailbox rule Houston v. Lack, 487 U.S. 266, 270-72 (1988).

There is no doubt that the Court abused its discretion and denied Petitioner due process of law, equal protection of and under the law as to Petitioner's Alleyne argument (the § 924(e) enhancement is a separate, aggravated offense because it moves Petitioner's sentence from 0 to 10 years under § 922(g) to a mandatory minimum 15-year sentence under § 924(e). Alleyne, 133 S.Ct. at 2155, 2161-62, and in light of Alleyne, Petitioner's Rule 11 proceedings is/was unconstitutional because of the fact that Petitioner was NOT apprised by the Court, counsel or the

AUSA that, under <u>Alleyne</u>, <u>supra</u>, the three predicate offenses that were used to aggravate his sentence from 0 to 10 yrs to a mandatory minimum 15 year sentence was an "element" of the offense). And as the <u>Descamps</u> argument, the Court abused its discretion and denied Petitioner due proces of law because the two prior convictions for burglary of a dwelling in violation of Wis. Stat. § 943.10(1)(a) (Case No. 97CF26 & Case No. 97CF329) are divisible statutes (<u>i.e.</u>, one that doe snot set out elements of the offense in the alternative, butt which may nevertheless broadly criminalize qualitatively different categories of couduct). <u>Descamps</u>, 133 S.Ct. at 2283.

The Court's approach at determining whether the two burglary convictions (Wis. Stat. § 943.10(1)(a)) , statutes that are synonmous to the California statutes in <u>Descamps</u>, <u>supra</u>, runs afoul of the substantive rule of law in <u>Descamps</u>. Furthermore, <u>Descamps</u> is retroactive applicable to habeas corpus petitioners because it is a "substantive ruling." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352 (2004). And under § 2255 P 6(3), see <u>Wiegand v. U.S.</u>, 380 F.3d 890, 891-92 (6th Cir. 2004), the Court can answer the retroacivity question as to <u>Descamps</u>, in the first instant. <u>See also U.S. v. Chang Hong</u>, 671 F.3d 1147, 1156 n. 10 (10th Cir. 2011).

---

**1/** The ruling in <u>Descamps</u> is on the same footing as the substantive ruling in <u>Begay v. United States</u>, 553 U.S. 137 (2008), and it has been declared retroactive by the Seventh Circuit. <u>Hawkins v. U.S.</u>, 706 F.3d 820, 824 (7th Cir. 2013); <u>Welch v. U.S.</u>, 604 F.3d 608 (7th Cir. 2009)(same). The ruling in <u>Descamps</u> also intreprets the above clause of this statute. A failure of the Court to rule on the above not only constutes a manifect injustice, but also will result in a fundamental miscarriage of justice.

The above does indeed state a valid claim of the denial of a constitutional right (due process of law, equal protection of and under the law and my Sixth Amendment Rights). Thus, jurists of reason could/would debate whether the Court erred in the resolution of the above meritorious claims, or for that matter, jurists of reason could agree that the Court erred in its resolution of the aforementioned claims. <u>Miller-El v. Cockrell</u>, 537 U.S. 327, 334 (2004).

Lastly, Petitioner is appealing the Court's Orders denying his § 2255 motion, Supplemental motion(s) and Rule 59(e) Motion. Rule 22(b)(2).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the foregoing Rule 22(b)(2)/NOA has been placed in U.S. First Class Mail, this day of December 4, 2013, with the postage prepaid to the party below:

U.S. Attorney's Office
660 W. Washington Ave
P.O. Box 1585
Madison, WI 53701-1585

Tiran Jenkins 07054-090
FCI Pekin
P.O. Box 5000
Pekin, IL 61555