IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIRAN JENKINS,

                Petitioner,                 ORDER

v.

                                              11-cv-747-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

On September 6, 2013, this court denied Tiran Jenkins's motion for relief from his federal conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. #19). In doing so, the court considered more than one amended motion for relief filed by Jenkins. Thereafter, on November 22, 2013, the court denied Jenkins's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). On July 11, 2014, the Seventh Circuit denied Jenkins's request for a certificate of appealability. *See Jenkins v. United States*, No. 13-3737. Jenkins now seeks relief from the final judgment under Fed. R. Civ. P. 60(b). The motion will be denied for reasons set forth briefly below.

Jenkins does not invoke any of the specific grounds for relief from judgment under Fed. R. Civ. P. 60(b)(1)-(5).[1] Instead, he seeks relief under the "catch-all" provision, which permits relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

A motion for relief from judgment under Rule 60(b)(6) may be granted in only

---

[1] Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"extraordinary circumstances." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). In support of his request for relief, Jenkins raises arguments that were considered previously. Rule 60(b) may not be used to relitigate issues resolved by the judgment. *Agostini*, 521 U.S. at 257 (citation omitted). Likewise, a motion under Rule 60(b) cannot be used to raise contentions that could have been made in a timely appeal. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) ("A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal.") (citation omitted); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996) ("Issues which could have been raised on direct appeal are ordinarily not appropriate grounds for Rule 60(b) relief."). Jenkins has already had an opportunity to appeal the result in this case. Under these circumstances, he does not demonstrate that extraordinary circumstances warrant relief under Fed. R. Civ. P. 60(b)(6). Accordingly, his motion is denied.

ORDER

IT IS ORDERED that Tiran Jenkins's motions for relief from the judgment (dkt. # 42) is DENIED.

Entered this 15th day of January, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

2