IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIRAN JENKINS,

                    Petitioner,                                    ORDER

      v.
                                                              11-cv-747-wmc
UNITED STATES OF AMERICA,

                    Respondent.

On September 6, 2013, this court denied Tiran Jenkins's motion for relief from his federal conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. #19). In doing so, the court considered more than one amended motion for relief filed by Jenkins. Thereafter, on November 22, 2013, the court denied Jenkins's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). On July 11, 2014, the Seventh Circuit denied Jenkins's request for a certificate of appealability. *See Jenkins v. United States,* No. 13-3737. Thereafter, Jenkins filed a motion for relief from the final judgment under Fed. R. Civ. P. 60(b)(6), arguing that this court did not consider all of his arguments when it denied his initial motion under § 2255. On January 15, 2015, the court denied Jenkins's motion under Rule 60(b). Jenkins now seeks a certificate of appealability from that decision. (Dkt. # 44.) Alternatively, he asks that this proceeding be held in abeyance. Both requests will be denied for reasons set forth briefly below.

Rule 11 of the Rules Governing Section 2255 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2),

which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

To obtain a certificate of appealability for claims decided on the merits, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Dretke*, 537 U.S. 322, 336 (2003) (citation and quotation omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this instance, the court denied Jenkins's motion for relief under Rule 60(b)(6) because he had an opportunity to raise his proposed arguments during his direct appeal. Jenkins does not show that reasonable jurists would debate whether this procedural ruling was correct. Motions under Rule 60(b) cannot be used "to reopen the window" to make arguments that were available on direct appeal. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Rather, relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment" and "[s]uch circumstances will rarely occur in the habeas context." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Jenkins did not make that showing here. *See, e.g., West v. Schneiter*, 485 F.3d 393, 395 (7th Cir.

2

2007) (concluding that arguments which should have been made during an appeal do not constitute an extraordinary post-judgment event for purposes of Rule 60(b)). Accordingly, Jenkins does not demonstrate that he is entitled to a certificate of appealability.

Jenkins also asks the court to stay this case in abeyance pending a decision by the United States Supreme Court in *Johnson v. United States*, No. 13-7120, which concerns whether possession of a short-barreled shotgun should be treated as a "violent felony" for purposes of the Armed Career Criminal Act. Jenkins's case closed in 2013, when the court denied his motion under § 2255. As such, there is nothing to stay and his motion to hold this case in abeyance must be denied.

## ORDER

IT IS ORDERED that Tiran Jenkins's motion for a certificate of appealability and his alternative motion to hold this case in abeyance (dkt. # 44) are DENIED.

Entered this 29th day of January, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3