IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

TIRAN JENKINS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CIVIL CASE NO: 11-CV-747

HONORABLE WILLIAM M. CONLEY
U.S. DISTRICT JUDGE

## NOTICE OF APPEAL

Now Comes Tiran Jenkins, proceeding Pro Se in the above captioned-matter. The Petitioner invokes the legal doctrine as prescribed under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), in the instant proceedings.

On February 2, 2015, Petitioner received the Court's Order erroneously denying his request for a certificate of appealability ("COA"), which did indeed state a Fifth & Sixth Amendments violations (Due Process of law and Ineffective Assistance of Trial & Appellate Counsels). 28 U.S.C. § 2253(c)(2).

The Petitioner is filing a notice of appeal (Fed.R.App.P. 22(b)(2)) of the Court's Order(s) denying his Rule 60(b)(6) & Motion for a certificate of appealability, [docket entry 44], a COA which should have issued because, among other things, the basis upon which the Court denied Petitioner's "true Rule 60(b)(6) Motion" flies in the face of and/or runs afoul of Page v. U.S.,

884 F.2d 300, 302 (7th Cir. 1989) & <u>Bond v. U.S.</u>, 1 F.3d 631, 634-35 (7th Cir. 1993). This Court held as the basis for denying Petitioner's Rule 60(b)(6) Motion:

> In this instance, the court denied Jenkins's motion for relief under Rule 60(b)(6) because he had an opportunity to raise his proposed arguments during <u>his direct appeal</u>. [docket entry 45 @ ¶ 2].

The Petitioner succinctly raised IAAC claim as to the reason the issue(s) were NOT raised on appeal ("cause and prejudice").

Therefore, there is no doubt that this Court abused its discretion and denied Petitioner due process of law as to the basis upon which it denied Petitioner's "true Rule 60(b)(6) Motion." See, e.g., <u>Page</u>, 884 F.3d at 302.

*signature* 2-3-2015
Tiran Jenkins 07054-090
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

-2-