IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIRAN JENKINS,

                Petitioner,                            ORDER

v.

                                                      11-cv-747-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

      In 2010, Jenkins entered a guilty plea to charges of armed bank robbery (count one), use of a firearm during the commission of a crime of violence (count two), and possessing a firearm as a felon (count three) in *United States v. Jenkins*, Case No. 10-cr-87-wmc. In preparing the Pre-Sentence Report ("PSR"), a probation officer concluded that Jenkins was eligible for enhanced punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior convictions which met the definition of a "violent felony." After concluding that Jenkins qualified for punishment under the ACCA, the court sentenced Jenkins to serve a mandatory minimum 15-year term of imprisonment as an armed career criminal pursuant to § 924(e), followed by a consecutive mandatory minimum 7-year term for using a firearm to commit a violent crime.

      On direct appeal from that sentence, Jenkins argued that he was not eligible for enhanced punishment under the ACCA because one of his prior felony convictions (for vehicular flight from police under Wis. Stat. § 346.04(3)) should not have been counted as a violent felony. The Seventh Circuit found this argument foreclosed by precedent, affirming Jenkins' sentence in an unpublished opinion. *See United States v. Jenkins*, 417 F.

App'x 548 (7th Cir. March 30, 2011) (citing *Dismuke*). Jenkins did not seek certiorari review by the United States Supreme Court.

Subsequently, Jenkins challenged his sentence further in a motion for relief pursuant to 28 U.S.C. § 2255. On September 6, 2013, this court denied Tiran Jenkins's motion for relief from his federal conviction and sentence pursuant to 28 U.S.C. § 2255. In doing so, the court considered more than one amended motion for relief filed by Jenkins. Thereafter, on November 22, 2013, the court denied Jenkins's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). On July 11, 2014, the Seventh Circuit denied Jenkins's request for a certificate of appealability. *See Jenkins v. United States*, No. 13-3737.

On December 1, 2014, Jenkins filed a new motion for relief from the final judgment under Fed. R. Civ. P. 60(b)(6), arguing that this court did not consider all of his arguments when it denied his initial motion under § 2255. On January 15, 2015, this court denied Jenkins's motion. (Dkt. # 43.) Jenkins has since filed a notice of appeal from that decision (dkt. # 46), and he now seeks free copies of his sentencing transcript as well as the PSR prepared by the probation office in this case. (Dkt. # 51.)

In *Griffin v. Illinois*, 351 U.S. 12, 19 20 (1956), the Supreme Court held that the Due Process and Equal Protection clauses of the Fourteenth Amendment require the government to provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful review on direct appeal. There is no such obligation, however, to supply a free copy of his transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317 (1976) (construing the federal

2

court reporter statute, 28 U.S.C. § 753, which authorizes a free transcript for indigent defendants bringing a collateral attack on conviction only if one is needed to decide the issue presented and the district court certifies that his appeal is non-frivolous).

Jenkins is not seeking court records in pursuit of a direct appeal from his conviction, which was affirmed in 2011. Rather, he is seeking records in connection with collateral review of his conviction pursuant to 28 U.S.C. § 2255. Jenkins does not articulate facts showing that he needs copies of his PSR and sentencing transcript in order to pursue a non-frivolous claim for relief in this proceeding. Under these circumstances, his request for records and transcripts free of charge will be denied.

ORDER

IT IS ORDERED that Tiran Jenkins's request for a free copy of his PSR and sentencing transcript (dkt. # 51) is DENIED.

Entered this 20th day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge